1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN FRANCISCO DIVISION**

11  JERRY P. DIZON,                          Case No. 12-cv-04623 NC

12              Plaintiff,                   **REFERRAL FOR REASSIGNMENT**
                                             **WITH RECOMMENDATION TO**
13        v.                                 **DISMISS**

14  WELLS FARGO, N.A.,                       Re: Dkt. No. 6

15              Defendant.

16

17         Plaintiff Jerry P. Dizon has a home mortgage loan with defendant Wells Fargo.  This

18  action arises from Dizon's alleged default on and attempt to modify the terms of that

19  mortgage.  The issues are (1) if Dizon has stated a claim for relief under Federal Rules of

20  Civil Procedure 8 and 9(b), and (2) whether the Home Owner's Loan Act ("HOLA")

21  preempts Dizon's state law claims.  Because all parties have not consented to the

22  jurisdiction of a United States magistrate judge, this Court lacks the authority to rule on

23  Wells Fargo's pending motion to dismiss.  Accordingly, the Court REFERS the case for

24  reassignment to a district court judge and RECOMMENDS the motion to dismiss be

25  GRANTED, with leave to amend.

26  //

27

28

# I. BACKGROUND

**A.  Dizon's Complaint**

Dizon took a mortgage on the property located at 3751 Carol Street in Pinole, California from defendant Wells Fargo.  Dkt. No. 1, Ex. A ¶ 12.  Dizon alleges six causes of action against Wells Fargo: (1) breach of contract, (2) fraud, (3) negligence, (4) intentional tort, (5) failure to modify the loan under the California Foreclosure Prevention Act ("CFPA"), and (6) declaratory and injunctive relief.  Specifically, Dizon alleges that Wells Fargo agreed "to make good faith and reasonable efforts" to modify the structure of his mortgage.  *Id.*  Wells Fargo allegedly misrepresented, however, its authority to modify the loan, with the intent to make Dizon rely on that misrepresentation. *Id.* ¶ 18.  Wells Fargo also allegedly concealed from Dizon material facts in order that he would not seek other means of avoiding foreclosure.  *Id.*  In addition, Dizon alleges that Wells Fargo breached its duty of care to him when it declined to modify his mortgage.  *Id.* ¶ 20.  Dizon cites to the CFPA and California Civil Code §§ 2923.52 and 2923.53 in support of his claim that Wells Fargo breached its duty of care by denying him a loan modification.  *Id.* ¶¶ 25-26.  Finally, Dizon seeks declaratory relief that Wells Fargo failed to comply with California Civil Code § 2923.5.  *Id.* ¶ 29.

Dizon seeks damages, including punitive damages, declaratory relief, preliminary and permanent injunctions, cancellation of the trustee sale and restitution of his property, costs, and fees.  Dkt. No. 1, Ex. A at 26.

**B.  Wells Fargo's Motion to Dismiss**

Wells Fargo moves to dismiss Dizon's claims on the grounds that Dizon fails to satisfy the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b), and that to the extent that Dizon states any claims, HOLA preempts them.  Dkt. No. 6.  Dizon does not oppose this motion.

//

1   **C.    Wells Fargo's Request for Judicial Notice**

2        Wells Fargo seeks judicial notice of several facts that Dizon does not mention in his

3   complaint: (1) that Dizon borrowed $308,000 from Wells Fargo's predecessor World

4   Savings Bank, which was secured by a deed of trust in the property at 3751 Carol Street,

5   Pinole, California; (2) that World Savings Bank changed its name first to Wachovia

6   Mortgage, FSB, then to Wells Faro Bank Southwest, N.A., before merging with defendant,

7   Wells Fargo Bank, N.A.; (3) that the Office of Thrift Supervision ("OTS"), the regulatory

8   agency created by HOLA, acknowledged the name changes and approved the merger;

9   (4) that Dizon defaulted on his loan in April of 2009; (5) that a notice of default was

10  recorded on March 11, 2011; and (6) that a notice of trustee's sale was recorded on July 20,

11  2012.  Dkt. No. 6 at 1.  These facts are contained within Exhibits A-H to Wells Fargo's

12  request for judicial notice.  Dkt. No. 7.

13       Although a district court generally may not consider any material beyond the

14  pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of

15  documents referenced in the complaint, as well as matters in the public record, without

16  converting a motion to dismiss into one for summary judgment.  *See Lee v. City of Los

17  Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  A matter may be judicially noticed if it is

18  either "generally known within the territorial jurisdiction of the trial court" or "can be

19  accurately and readily determined from sources whose accuracy cannot reasonably be

20  questioned."  Fed. R. Evid. 201(b); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186,

21  1192 n.4 (9th Cir. 2008).  In addition, under Federal Rule of Civil Procedure 10(c), a court

22  may take judicial notice of "documents whose contents are alleged in a complaint and

23  whose authenticity no party questions, but which are not physically attached to the

24  pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  However, the court may

25  not judicially notice the truth of the disputed facts contained in such a document.  *Lee*, 250

26  F.3d at 689.

27       Here, Wells Fargo seeks judicial notice of documents that are in the public record

28  and subject to verification.  The Court RECOMMENDS that the district court take judicial

Case No. 12-cv-04623 NC
REFERRAL FOR REASSIGNMENT                    3
WITH REC. TO DISMISS

notice of Exhibits A-H.  Because the issue of whether Dizon was notified properly is in dispute, however, the Court RECOMMENDS that the district court take judicial notice of the existence of Exhibit G, the notice of default, but not judicially notice the truth of the facts asserted therein, for example that Wells Fargo used due diligence to contact Dizon.

**D.     Jurisdiction**

Subject matter jurisdiction exists under 28 U.S.C. § 1332.  Wells Fargo filed a notice to remove Dizon's complaint from state to federal court.  Dkt. No. 1.  Wells Fargo alleges that it is a national bank whose main office, as designated in its articles of association, is located in South Dakota.  Dizon resides in California.  Because all parties have not consented to the jurisdiction of a magistrate, this court does not have jurisdiction to render a judgment under 28 U.S.C. § 636(c).[1]

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted). In accordance with Rule 9(b), allegations of fraud "must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted).  After *Iqbal*, a pleading of fraud or mistake must also plead plausible allegations.  *Id.*  A court is not required to accept as true conclusory allegations,

---

[1] The Court ordered the parties to consent or decline to the jurisdiction of the magistrate judge by September 18, 2012.  Dizon did not respond. *See* Dkt. No. 8.

unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### III. DISCUSSION

Wells Fargo challenges the sufficiency of each of the claims in the complaint: (1) breach of contract, (2) fraud, (3) negligence, (4) intentional tort, (5) failure to modify the loan under the CFPA, and (6) declaratory and injunctive relief.

**A.    Dizon Fails to Allege a Plausible Claim for Breach of Contract.**

Wells Fargo moves to dismiss this claim arguing that Dizon fails to state the elements of a breach of contract in his complaint and, in particular, that he fails to identify the contract allegedly breached, attach the contract, or plead its material terms. Dkt. No. 6 at 10.  Wells Fargo denies that there is a contract to maximize the value of Dizon's mortgage. *Id.* at 11.  Dizon alleges he and Wells Fargo have an implied agreement to "make good faith and reasonable efforts to maximize the present value of the loan by modifying the mortgage," to "provid[e] information to fully document the loan and increase said loan credit or default rating," to disseminate that information with care, and "to act honestly and truthfully." Dkt. No. 1, Ex. A ¶ 12.  Dizon claims that Wells Fargo breached the implied agreement by failing to provide information about his mortgage, improperly calculating his income for modification purposes, and delaying the modification process in. *Id.* ¶ 13.

//

The existence of a contract is an essential element of a breach of contract claim. Under California law, the existence and terms of an implied contract are manifested by conduct. Cal. Civ. Code § 1621. Dizon fails to allege any facts that show conduct on his part or the part of Wells Fargo that would manifest the intent to enter into an implied contract. Because Dizon has not adequately pleaded a plausible claim for breach of contract, the Court RECOMMENDS that this claim should be DISMISSED WITH LEAVE TO AMEND.[2]

**B.     Dizon Fails to Plead with Specificity a Plausible Claim for Fraud.**

In his second cause of action, Dizon alleges that Wells Fargo lacked the authority to modify his loan, but nevertheless represented to him that it could, with the intent to make him rely on that misrepresentation. Dkt. No. 1, Ex. A ¶ 18. Dizon also alleges that Wells Fargo concealed from him material facts so that he would not seek other means of avoiding foreclosure. *Id.* In his fourth cause of action—intentional tort—Dizon restates these facts. *Id.* ¶ 22. Therefore, the Court considers these claims together.

Dizon's fraud claim against Wells Fargo contradicts his earlier claim for breach of contract, in which he alleged that Wells Fargo had a contractual obligation to modify the loan. Beyond that inconsistency, Dizon fails to plead with specificity the elements of a fraud claim under Rule 9(b), which requires stating "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, a plausible claim of fraud states "the who, what, when, where, and how," plus "what is false or misleading about the . . . statement, and why it is false." *Cafasso*, 637 F.3d at 1055. Dizon does not state who made the representation, or what exactly was said, or why it is false. Accordingly, the Court RECOMMENDS that Dizon's fraud claim be DISMISSED WITH LEAVE TO AMEND.

---

[2] Wells Fargo asserts that HOLA preempts all of Dizon's claims. Dkt. No. 6 at 18. Although HOLA's regulation of lending may be extensive, there is nothing to suggest that it preempts every state law that touches upon lending. HOLA expressly does not preempt state contract law or state tort law with only an incidental effect on lending operations. 12 C.F.R. § 560.2(c); *Bank of America v. City & Cnty. of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002). Thus, for those claims which Dizon has leave to amend, a preemption analysis is premature at this juncture.

**C.    Wells Fargo Does Not Have a Duty to Modify Dizon's Loan.**

Dizon alleges that Wells Fargo breached its duty to modify the loan and is therefore liable for negligence.  Although couched in its own claim, Dizon relies on the CFPA to argue that lenders have an obligation to modify loans.  Because the CFPA operates as the standard of care for Dizon's negligence claim, the Court considers these claims as one.

The provisions of the CFPA that Dizon cites are no longer in effect.  Cal. Civ. Code §§ 2923.52-.53.  They have been repealed as of January 1, 2011.  *Id.*  The corresponding statute currently in effect, California Civil Code § 2923.6, does not impose any affirmative obligation on lenders to modify mortgages.  *Mabry v. Superior Court*, 110 Cal. Rptr. 3d 201, 211 (Cal. Ct. App. 2010), *review denied* (Aug. 18, 2010).  "Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms"; it does not create rights or obligations.  *Id.*  Furthermore, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Ragland v. U.S. Bank, N.A.*, 147 Cal. Rptr. 3d 41, 62 (Cal. Ct. App. 2012).  Dizon does not assert any facts to suggest that his relationship with Wells Fargo goes beyond that of lender and borrower.  In the absence of a duty to modify Dizon's loan, or to act according to a particular standard of care, Dizon cannot state a claim for negligence.  Accordingly, the Court RECOMMENDS that Dizon's negligence claim be DISMISSED WITHOUT LEAVE TO AMEND.

**D.    Dizon Fails to Allege Facts That State a Claim Under Civil Code § 2923.5 and He Is Ineligible for the Relief Contemplated by That Statute.**

Finally, Dizon seeks a declaration of the invalidity and unenforceability of the trustee's sale because Wells Fargo failed to comply with California Civil Code § 2923.5.  Dkt. No. 1, Ex. A ¶ 29.  Section 2923.5 requires lenders to contact the borrowers thirty days before filing the notice of default.  Cal. Civ. Code § 2923.5(a)(1).  Other than stating the conclusion that "the trustee's sale was improperly noticed," Dizon fails to state any facts indicating that Wells Fargo did not comply with § 2923.5.  Furthermore, the only remedy

available under § 2923.5 is postponement of the foreclosure sale until the lender complies. *Mabry*, 110 Cal. Rptr. 3d at 204.  Because Dizon's home has already been sold, there is no remedy for him under § 2923.5.  Therefore, even if Dizon could state a plausible claim, the declaratory relief which he seeks would amount to an impermissible advisory opinion.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 129 n.20 (1983) ("[A] court must have the power to fashion some appropriate remedy.  This concern, an aspect of the more general case or controversy requirement, reflects the view that the adjudication of rights which a court is powerless to enforce is tantamount to an advisory opinion.").  The Court therefore RECOMMENDS the district court GRANT WITHOUT LEAVE TO AMEND Wells Fargo's motion to dismiss this claim.

## IV. COUNSEL'S LACK OF DILIGENCE

Dizon is represented by attorney Mandip Purewal of the National Consumer Law Group.  Yet Dizon's counsel filed no pleadings in this Court once the case was removed from state court.  Counsel filed neither an opposition nor a statement of nonopposition to the motion to dismiss, in violation of Civil Local Rule 7-3(b).  Furthermore, while researching for this opinion, the Court discovered that Purewal copied and pasted into this complaint and another action he has pending in San Francisco Superior Court, *see Kwon v. JP Morgan Chase Bank*, CGC-12-524388 (Sept. 18, 2012), nearly the entirety of a complaint filed by another attorney in other foreclosure cases, *see, e.g.*, *Mira v. GMAC Mortg.*, 10-cv-03394 RS, 2010 WL 4010148 (N.D. Cal. Oct. 13, 2010); *Mazzamuto v. Wachovia*, 10-cv-02851 WHA, 2010 WL 4916430 (N.D. Cal. Nov. 23, 2010).  The Court is concerned by the apparent lack of diligence by Purewal.  Accordingly, by December 10, 2012, Purewal must provide a copy of this Order to Dizon and e-file a declaration stating that he has complied with this Order.  Also, Purewal should take note that Judge Alsup ordered the attorney whose work Purewal copied to pay personally an award of attorneys' fees because of his pattern of misconduct.  *Mazzamuto*, 2010 WL 4916430, *3.  Purewal must find a better example to follow.

//

## V. CONCLUSION

Dizon fails to allege sufficient facts to state a plausible claim for breach of contract. In addition, he fails to state with specificity the elements of a fraud claim. Because not all parties have consented to magistrate jurisdiction, the Court RECOMMENDS that Dizon's claims for (1) breach of contract and (2) fraud be DISMISSED WITH LEAVE TO AMEND. No statutory or common law duty exists between Wells Fargo and Dizon to modify his mortgage, and therefore Dizon's claim of negligence fails. Dizon's claim for declaratory relief fails to satisfy the pleading requirements and calls for an improper advisory opinion. Intentional tort is not a cause of action, and the substance of this claim will be addressed by Dizon's fraud claim, if he chooses to amend it. Therefore, this Court RECOMMENDS that claims (3), (4), (5), and (6) be DISMISSED WITHOUT LEAVE TO AMEND. Any party may object within fourteen days to this dispositive order under Federal Rule of Civil Procedure 72(b).

IT IS SO ORDERED.

Date: November 26, 2012

Nathanael M. Cousins
United States Magistrate Judge