1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10         **SAN FRANCISCO DIVISION**

11 | JERRY P. DIZON,                                    Case No. 12-cv-04623 SC (NC)

12 |              Plaintiff,                            **ORDER TO SHOW CAUSE WHY**
                                                        **SANCTIONS SHOULD NOT BE**
13 |     v.                                             **IMPOSED**

14 | WELLS FARGO HOME MORTGAGE,

15 |              Defendant.

16

17       Plaintiff Jerry P. Dizon, represented by attorney Mandip S. Purewal, filed an action

18 alleging defendant's foreclosure action was improper.  Dkt. No. 1.  On September 11, 2012,

19 defendant Wells Fargo moved to dismiss plaintiff's complaint under Federal Rules of Civil

20 Procedure 8, 9(b), and 12(b)(6).  Dkt. No. 6.  Plaintiff did not file an opposition or statement

21 of nonopposition to the motion as required by Civil Local Rule 7-3.  In addition, Purewal

22 copied and pasted into his complaint nearly the entirety of a complaint filed by another

23 attorney in other foreclosure cases.  *See, e.g.*, *Mira v. GMAC Mortg.*, 10-cv-03394 RS, 2010

24 WL 4010148 (N.D. Cal. Oct. 13, 2010); *Mazzamuto v. Wachovia*, 10-cv-02851 WHA, 2010

25 WL 4916430 (N.D. Cal. Nov. 23, 2010).

26       On November 26, 2012, this Court issued a Referral for Reassignment with a

27 Recommendation to dismiss Dizon's complaint, with leave to amend two claims.  In its

28 Recommendation, this Court ordered Purewal to provide a copy of the order to Dizon and to

1  file a declaration stating that Purewal had done so by December 10, 2012.  Purewal did not

2  comply.  Dkt. No. 16 at 2.  Judge Conti adopted this Court's Recommendation and reissued

3  the order to Purewal to share the court's order with his client and then file a declaration

4  stating he had.  Dkt. No. 16 at 2.  Judge Conti also referred the issue of whether to sanction

5  or discipline Purewal to this Court.  Dkt. No. 16 at 2-3.

6       After missing Judge Conti's deadline, Purewal filed a declaration stating that he failed

7  to file because of "inadvertence" without indicating whether he referred to his failure to

8  respond to the motion to dismiss, his failure to follow this Court's order, or his failure to

9  follow Judge Conti's order.  Dkt. No. 17.  He nevertheless promised that "this" would not

10  happen again.  *Id.*  On December 19, 2012, Judge Conti issued an order dismissing the case

11  but retaining jurisdiction over the disciplinary matter.  Dkt. No. 19 at 2.  Judge Conti again

12  ordered Purewal to provide a copy of the order to Dizon and to file a declaration stating he

13  complied within five days.  *Id.*  As of February 7, 2013, Purewal has not complied.

14  Accordingly, the Court addresses the issue of whether to impose sanctions or otherwise

15  discipline Purewal for his failure to follow court orders and the local rules.

16       This case is one of many of which this Court is aware in which Purewal has failed to

17  respond to motions to dismiss or other court orders.  *See, e.g.*, *Barrientos v. CitiMortgage,*

18  *Inc.*, No. 12-cv-04653 SC (Purewal failed to file an opposition or statement of

19  nonopposition to defendant's motion to dismiss in violation of Local Rule 7-3; Purewal

20  filed a complaint virtually identical to the *Dizon* complaint.); *Ogbebpr v. Wells Fargo Bank,*

21  *N.A.*, No. 12-cv-04809 SC (Purewal failed to file an opposition or statement of

22  nonopposition to defendant's motion to dismiss in violation of Local Rule 7-3; Purewal

23  filed a complaint virtually identical to the *Dizon* complaint.); *Saucedo v. America's*

24  *Servicing Company*, No. 12-cv-04658 PSG (Purewal filed no response to defendant's

25  motion to dismiss; Purewal failed to appear to at the hearing on the motion, which had been

26  postponed at his request to accommodate a family emergency; Purewal did not file a

27  response to the order to show cause for his failures to respond and to appear; Purewal filed a

28  complaint virtually identical to the *Dizon* complaint.); *Fowler v. Wells Fargo Bank, N.A.*,

No. 12-cv-04869 DMR (Purewal did not file a response to defendant's motion to dismiss; when ordered to file an opposition and show cause for failure to follow Local Rule 7-3, Purewal filed an opposition; four days after the show cause deadline expired, Purewal filed a declaration stating that his tardiness was "due to a change and turnaround to staff.").

By February 28, 2013, Purewal must show cause in writing why he should not be sanctioned for his failure to file an opposition or statement of nonopposition to defendant's motion to dismiss and for his repeated failures to comply with court orders. Such sanctions may include a formal reprimand, monetary sanctions, referral to the Northern District Standing Committee on Professional Conduct, the Chief Judge, or another appropriate disciplinary authority in California or the Northern District. *See* Civil L.R. 11-6(a). A show cause hearing is set for March 6, 2013 at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

IT IS SO ORDERED.

Date: February 7, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge