1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

11

JERRY P. DIZON,

Case No. 12-cv-04623 SC (NC)

12

Plaintiff,

**ORDER REFERRING ATTORNEY TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT AND IMPOSING MONETARY SANCTIONS**

13

v.

14

WELLS FARGO,

15

Defendant.

16

17    On March 7, 2013, the Court held a hearing to determine whether to sanction Mandip

18 S. Purewal, counsel for plaintiff, for his repeated failures to follow court orders and the

19 local rules.  Purewal failed to file a written response to the Court's show cause order and

20 failed to appear at the hearing.  The issues the Court considers are (1) whether Purewal's

21 conduct amounts to bad faith, and if so, (2) what type of sanction will deter future

22 misconduct and protect the public.  The Court finds that because Purewal's repeated

23 conduct evidences a pattern of failing to respond to dispositive motions and to follow court

24 orders, his conduct amounts to bad faith.  Accordingly, the Court REFERS Purewal to the

25 Standing Committee on Professional Conduct and IMPOSES monetary sanctions in the

26 amount of $1,000.

27 //

28

# I. BACKGROUND

Plaintiff Jerry P. Dizon, represented by attorney Mandip S. Purewal, filed an action alleging defendant's foreclosure action was improper. Dkt. No. 1. On September 11, 2012, defendant Wells Fargo moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). Dkt. No. 6. Plaintiff did not file an opposition or statement of nonopposition to the motion as required by Civil Local Rule 7-3. In addition, Purewal copied and pasted into his complaint nearly the entirety of a complaint filed by another attorney in other foreclosure cases. *Compare* Dkt. No. 1 *with* complaints filed in *Mira v. GMAC Mortg.*, 10-cv-03394 RS, 2010 WL 4010148 (N.D. Cal. Oct. 13, 2010) *and Mazzamuto v. Wachovia*, 10-cv-02851 WHA, 2010 WL 4916430 (N.D. Cal. Nov. 23, 2010).

Because plaintiff never responded to the Court's notices to consent to or decline the jurisdiction of a magistrate judge, the Court issued a Referral for Reassignment with a Recommendation to dismiss Dizon's complaint, with leave to amend two claims. Dkt. No. 13. In its Recommendation, the Court ordered Purewal to provide a copy of the order to Dizon and to file a declaration stating that Purewal had done so by December 10, 2012. *Id.* at 8. Purewal failed to file a declaration by December 10. On December 11, 2012, Judge Conti adopted this Court's Recommendation. Dkt. No. 16. Judge Conti noted that no party had objected to the Recommendation, and that Purewal had failed to comply with this Court's order to file a declaration. *Id.* at 2. Judge Conti referred the issue of whether to sanction Purewal back to this Court. *Id.* 16 at 2-3.

Purewal then filed a declaration stating that through "inadvertence" he failed to timely share a copy of this Court's Recommendation with his client and promised that this would not happen again. Dkt. No. 17. On December 19, 2012, Judge Conti issued an order dismissing the case but retaining jurisdiction over the disciplinary matter. Dkt. No. 19 at 2. Judge Conti also ordered Purewal to provide a copy of his order to Dizon and to file a declaration stating he complied within five days. *Id.*

//

When, as of February 7, 2013, Purewal had not complied with Judge Conti's order, this Court issued through ECF an order to show cause why Purewal should not be sanctioned under the Court's inherent powers for failure to comply with court orders and the local rules. Dkt. No. 20. The Court ordered Purewal to file a response by February 28, 2013 and to appear at a show cause hearing on March 6, 2013. *Id.* Purewal did neither.

## II. STANDARD OF REVIEW

Federal courts have the power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989) ("Inherent powers derive from the absolute need of a trial judge to maintain order and preserve the dignity of the court."). For this reason, the Supreme Court, in *Roadway Express, Inc. v. Piper*, held that a federal court, under its inherent powers, may levy sanctions for "willful disobedience of a court order." 447 U.S. 752, 766 (1980). Repeated disobedience of court orders can indicate willful disobedience. *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 966 (9th Cir. 2004). In addition, failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction. Civil L.R. 1-4; *Zambrano*, 885 F.2d at 1477.

A finding of bad faith or conduct tantamount to bad faith is required to sanction a party. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Bad faith includes a wide range of willful, improper conduct, *id.* at 992, such as (1) knowingly or recklessly raising a frivolous argument; (2) arguing a meritorious claim for the purpose of harassing an opponent; (3) delaying or disrupting litigation; or (4) hampering enforcement of a court order, *Primus Auto. Fin. Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also Chambers*, 501 U.S. at 45-46 (A federal court may levy sanctions when a party acts in "bad faith, vexatiously, wantonly, or for oppressive reasons," delays or disrupts litigation, or takes actions in the litigation for an improper purpose.). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, is tantamount to bad faith. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir. 2002).

For a federal court to sanction on the basis of its inherent powers, it must afford those sanctioned due process. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("An attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard."). An oral or evidentiary hearing on the issue, however, is not required. *Id.* An opportunity to respond is enough. *Id.*

## III. DISCUSSION

This case is one of many of which this Court is aware in which Purewal has failed to respond to a dispositive motion and to court orders. *See, e.g.*, *Barrientos v. CitiMortgage, Inc.*, No. 12-cv-04653 SC (Purewal failed to file an opposition or statement of nonopposition to defendant's motion to dismiss in violation of Local Rule 7-3; Purewal filed a complaint virtually identical to the *Dizon* complaint; in his response to the court's order to show cause, Purewal cited a "family emergency" to excuse his conduct but failed to explain why he did not request an extension in the five weeks following defendant's filing of its notice of nonopposition.); *Ogbebpr v. Wells Fargo Bank, N.A.*, No. 12-cv-04809 SC (Purewal failed to file an opposition or statement of nonopposition to defendant's motion to dismiss in violation of Local Rule 7-3; Purewal filed a complaint virtually identical to the *Dizon* complaint.); *Saucedo v. America's Servicing Company*, No. 12-cv-04658 PSG (Purewal filed no response to defendant's motion to dismiss; Purewal failed to appear to at the hearing on the motion, which had been postponed at his request to accommodate a family emergency; Purewal did not file a response to the order to show cause for his failures to respond and to appear; Purewal filed a complaint virtually identical to the *Dizon* complaint.); *Fowler v. Wells Fargo Bank, N.A.*, No. 12-cv-04869 DMR (Purewal did not file a response to defendant's motion to dismiss; when ordered to file an opposition and show cause for failure to follow Local Rule 7-3, Purewal filed an opposition; four days after the show cause deadline expired, Purewal filed a declaration stating that his tardiness was "due to a change and turnaround to staff.").

Given Purewal's pattern of missing deadlines, failing to oppose dispositive motions, and giving weak and often tardy excuses, the Court determines that Purewal's actions are in

bad faith. The fact that Purewal has failed to prosecute nearly every action he has brought in this district shows that his disregard of the local rules and the courts' orders is more than mere recklessness. His repeated failures to respond to orders to show cause amount to willful disobedience. His repeated failures to oppose dispositive motions show that he is not merely disorganized or negligent. Rather, his conduct is tantamount to bad faith.

Although Purewal's failures are disrespectful to the Court, and cause delay and potentially prejudice to his opponents, the impact of Purewal's lack of diligence is most heavily felt by his clients; the ramifications of Purewal's failing to prosecute his clients' claims are that they are dismissed with prejudice. *See Barrientos*, Case No. 12-cv-04653 SC, Dkt. No. 20 at 3 (granting defendant's unopposed motion to dismiss with prejudice); *Ogbebpr*, Case No. 12-cv-04809 SC, Dkt. Nos. 21, 23 (granting defendant's unopposed motion to dismiss and terminating the action); *Saucedo*, Case No. 12-cv-04658 PSG, Dkt. No. 18 at 2 (granting unopposed motion to dismiss with prejudice). The laws surrounding lending and mortgage foreclosure often present an uphill battle for plaintiffs; the Court does not suggest that these cases were meritorious but for Purewal's failure to oppose motions to dismiss, nor that dismissal was improper. But, Purewal is representing plaintiffs attempting to stave off or in throes of losing their home as part of the mortgage crisis. These clients are potentially more vulnerable than some others who may have a greater opportunity to vet a prospective attorney. And he is doing his clients no service by bringing claims and then failing to represent their interests. He is, in fact, shirking his duty as an attorney. *See* California Rule of Professional Conduct 3-110(A) ("A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence.").

With all of this in mind, the Court assesses which sanction will have the effect of deterring Purewal from future misconduct as well as protecting the public. Under its inherent powers, the Court may censure or formally reprimand an attorney, *In re Girardi*, 611 F.3d 1027, 1038-40 (9th Cir. 2010) (formally reprimanding attorney for authorizing the signature of briefs containing falsehoods), impose a monetary fine, *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) (holding monetary sanctions proper for a

violation of local rules), suspend or disbar an attorney from practice before the court, *Girardi*, 611 F.3d at 1038-39 (suspending three attorneys, after considering disbarment, for presenting briefs containing falsehoods), or prohibit an attorney from representing future plaintiffs in same type of case without leave of court, *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1063-64 (9th Cir. 2007) (upholding pre-filing order requiring attorneys to seek leave of court given the attorneys' practice of repetitive litigation based on false allegations); *see also Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 954 (5th Cir. 2001) (upholding a sanction that prohibited the attorney from "representing future plaintiffs in cases regarding the subject matter of the underlying suit without prior court approval" where attorney acted in bad faith by failing to file a motion under seal).  In addition, under Civil Local Rule 11-6, the Court can refer attorneys to the Northern District of California's Standing Committee on Professional Conduct.

Because the Court seeks to protect the public, the Court REFERS Mandip S. Purewal (SBN # 202444) to the Standing Committee for further investigation and any disciplinary action the Committee deems to be warranted.  In order to deter future misconduct, the Court SANCTIONS Purewal in the amount of $1,000 to be paid to the Clerk of the Court by March 26, 2013.

Any party may object to this order within fourteen days under Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: March 12, 2013

Nathanael M. Cousins
United States Magistrate Judge